EDWARD NEESON, RESPONDENT, *v.* THE CITY OF TROY, APPELLANT.

*Evidence — a judgment concludes only those who are privies to it — the defendant, in an action brought by a husband to recover damages resulting to him from an injury to his wife, is not concluded by the judgment recovered by the wife for the same injuries.*

The plaintiff brought this action to recover his damages resulting from the loss of his wife's services, occasioned by an injury sustained by her by reason of the defendant's negligence. Upon the trial, a judgment-roll in a former action brought by the wife against the defendant, in which she recovered damages for the same injury, was, against the defendant's objection and exception, received in evidence as conclusively establishing that the wife had been injured through the defendant's negligence.

*Held,* that as the husband was not a privy in blood, representation, estate or law to his wife, the court erred in so admitting the judgment-roll in evidence. (BOCKES, J., dissenting.)

APPEAL by the defendant from a judgment, entered on the verdict of a jury, and from an order denying a motion to vacate the verdict and for a new trial made upon the minutes of the justice before whom the action was tried.

Before this action was commenced the plaintiff's wife, Margaret Neeson, recovered a judgment against the City of Troy for damages for personal injuries received by her as alleged, February 20, 1874, by falling on an icy sidewalk in one of the public streets in that city. That judgment was paid. February 26, 1879, the present

action was commenced by the husband to recover his damages for loss of his wife's services, etc., occasioned by her said injury.

The plaintiff offered in evidence the judgment-roll in the former action between his said wife and the city, and under objection by the city attorney it was received in evidence as conclusive of the fact that there was an injury to the plaintiff's wife and that it happened through the fault and negligence of the city without any negligence on her part.

The record was then read in evidence and the plaintiff gave no additional testimony as to the cause of his wife's injury by the fall, but did produce evidence tending to show the extent and value of the loss he had sustained by reason of her injuries.

*R. A. Parmenter*, for the appellant.

*James Lansing*, for the respondent.

LEARNED, P. J. :

The heir is privy in blood to the ancestor; the executor, privy in representation to the deceased; the donee or lessee, privy in estate to the donor or lessor; the successor by *escheat*, privy in law to his predecessor. (1 Greenl. on Ev., § 189.)

The husband is not privy to the wife in any of these respects; in blood, representation, estate or law.

The husband did not derive his title to the present cause of action through his wife. It never belonged to her. She could not have released it. If she had acknowledged full payment by the defendant of all damages, before she brought her action, that would not have discharged the defendant from liability to the husband for his loss. If she had sued the defendant and had failed to recover, that would not have barred him.

If the plaintiff's horse had been injured under similar circumstances, and he had sued for the damage, it would not be properly said that he derived his title to the action from his horse, or that he was privy to his horse; nor is the plaintiff's right of action in this case derived from his wife, because it never belonged to her and could never have been affected by her acts.

The defendant's alleged wrongful acts injured two persons, the husband and the wife; the latter principally by causing bodily suf-

fering, the former by taking away services to which he was entitled. But the injuries were distinct, though caused by the same act.

The fact that the same evidence to a great extent, may be applicable in this case as was given in the action of the wife; such as proof of defendant's negligence, etc., does not make the former judgment conclusive in this action. Suppose that A. owned a horse and B. owned the wagon to which it was harnessed; and that horse and wagon were injured by defendant's negligence. If A. sued and recovered, the recovery would be no evidence in B.'s favor. Yet the same evidence might be used and needed in both cases.

The reason why judgments bind privies is that the privies take only what the persons had to whom they succeed, and all that such persons had. But this plaintiff does not take what his wife had but has an independent action of his own.

The judgment should be reversed and new trial granted, costs to abide event.

Bockes, J., dissenting.

Present — Learned, P. J., Boardman and Bockes, JJ.

Judgment reversed, new trial granted, costs to abide event.